**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SANDRA MCCANDLESS,

                Plaintiff,

v.                                  Case No. 08-14195

COUNTRYWIDE HOME LOANS, INC., and    HON. MARIANNE O. BATTANI
STANDARD INSURANCE COMPANY, a
subsidiary of STANCORP FINANCIAL
GROUP, INC., jointly and severally,

                Defendants.

_____/

**OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is Countrywide Home Loans, Inc. and Standard Insurance Company's (hereinafter collectively "Defendants") Partial Motion to Dismiss Counts III and IV of Plaintiff Sandra McCandless's First Amended Complaint (Doc. #18). Plaintiff has since filed a Second Amended Complaint. During the hearing on the motion, Plaintiff and Defendants agreed that this motion applies to the Second Amended Complaint because Counts III and IV were not changed.

In Counts I and II of the Second Amended Complaint, Plaintiff seeks to recover monthly disability benefits and to enjoin Defendants from terminating or reducing benefits in the future pursuant to § 502(a)(1)(B) of the Employment Retirement Income Security Act of 1974 ("ERISA"). Under Counts III and IV of the Second Amended

Complaint, Plaintiff seeks the same relief as under Counts I and II, but pursuant to § 502(a)(3) of ERISA. Defendants assert that Counts III and IV of the Second Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state an ERISA § 502(a)(3) claim. (Doc. #18).

For the reasons stated below, the Court **GRANTS** Defendants' motion.

II.     STATEMENT OF FACTS

Because this is a Rule 12(b)(6) Motion to Dismiss, the Court will accept Plaintiff's factual allegations as true. Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).

On or about February 2, 2005, Plaintiff was disabled because she suffered from mental illness and ankylosing spondylitis (hereinafter "AK"), an inflammatory disease of the spine. Because of this, she was entitled to disability benefits through her employer, Countrywide Home Loans, Inc. ("Countrywide"). Standard Insurance Company ("Standard") is Countrywide's long-term disability claims administrator.

According to Standard's long-term disability policy, if disability is due to a mental disorder, benefits may be paid for a maximum of 24 months. If, however, disability is not due to a mental disorder, benefits may be paid up to the age of 65.

Standard paid Plaintiff long-term disability benefits under the classification of mental disorder for a period of 24 months. When the 24-month benefit period for mental illness expired, Plaintiff continued to be disabled due to her AK. Standard informed her, however, that it considered her disabled solely due to mental illness and terminated her benefits.

2

**III.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief may be granted."  "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996).  Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true." Allard v. Weitzman, 991 F.2d 1236, 1240 (6th Cir. 1993).  However, the court does not give the presumption of truthfulness to any legal conclusions, opinions, or deductions, even if they are couched as factual allegations.  Sexton v. Barry, 233 F.2d 220, 223 (6th Cir. 1956); Tidik, 938 F.Supp. at 421.

**IV.     ANALYSIS**

As an initial matter, Plaintiff acknowledged during the hearing on this motion that Counts II and IV against her employer, Countrywide, should be dismissed.  Accordingly, the Court will dismiss those counts.

Plaintiff seeks payment of benefits pursuant to § 502(a)(1)(B) under a wrongful denial of benefits theory (Count I).  Plaintiff also seeks payment of benefits pursuant to § 502(a)(3) under a breach of fiduciary duty theory (Count III), alleging that the terms of the disability plan were misrepresented by Standard.  Defendants argue that Count III is a repackaged denial of benefits claim, barred by Wilkins.

In Wilkins v. Baptist Healthcare System, Inc., 150 F.3d 609, 615 (6th Cir.1998),

3

the Sixth Circuit held that relief under § 502(a)(3) was only available to beneficiaries who could not avail themselves of § 502's other remedies. The plaintiff alleged that the defendant violated § 502(a)(3) by breaching its fiduciary duty to act solely in the plaintiff's interest for the purpose of providing benefits. Id. The Sixth Circuit found the § 502(a)(3) claim barred "[b]ecause § [502(a)(1)(B)] provides a remedy for Wilkins's alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to § [502(a)(3)]." Id.

In Count I, Plaintiff seeks to recover benefits under a wrongful denial of benefits theory pursuant to § 502(a)(1)(B). (Doc. #33 at 3-4). She alleges that Standard directly violated the disability benefits policy and the terms of the Plan when it denied her disability benefit payments. (Id.). Specifically, Plaintiff seeks the following relief under Count I: an order compelling Standard to pay past disability amounts plus interest; an accounting of amounts owed to Plaintiff; disgorgement of any profits or gain Standard has gained by denying Plaintiff the disability benefits; judgment declaring that Plaintiff is entitled to continuation of the disability benefits; and reasonable attorney fees and costs.

In Count III of her Complaint, Plaintiff alleges that Standard, "as fiduciary with respect to the Plan, has and had a duty to discharge its duties with respect to the Plan solely in the interest of the Plan participants and their beneficiaries." (Doc. #33 at 5). She alleges that Standard breached its fiduciary duties by denying Plaintiff disability benefit payments and by not providing an accurate accounting of her benefits. In Count III, Plaintiff seeks the same relief as she seeks in Count I, but under a breach of

4

fiduciary duty theory pursuant to § 502(a)(3).

Count III could have been characterized as a denial of benefits claim and brought under § 502(a)(1)(B). In fact, Plaintiff has done so in Count I. The claim for benefits under Count I pursuant to § 502(a)(1)(B) alleges that Standard improperly denied benefits, and the claim for benefits under Count III pursuant to § 502(a)(3) alleges Standard breached its fiduciary duty to Plaintiff when it improperly denied benefits. This alleged breach of duty is analogous to the breach alleged in Wilkins, namely that the defendant did not act solely in the plaintiff's interest in assessing the benefits claim. Therefore, because the alleged injury can be characterized as a benefits claim, it is only allowed under § 502(a)(1)(B). See Wilkins, 150 F.3d at 615.

In further support of why the claim must be brought under § 502(a)(1)(B), the Supreme Court in Varity Corp. v. Howe, 516 U.S. 489, 512 (1996), held that § 502(a)(3) is a catchall provision offering appropriate equitable relief only when there is no other adequate remedy available under § 502. When a plaintiff can assert a claim for relief under § 502(a)(1)(B), then that plaintiff is barred from seeking essentially the same relief under § 502(a)(3). Id. In this case, Plaintiff is able to, and does, seek relief under § 502(a)(1)(B) – the same relief she seeks under § 502(a)(3). Because Plaintiff seeks the same relief in Count I as she seeks in Count III of her Complaint, § 502(a)(1)(B) provides adequate relief and further equitable relief under § 502(a)(3) is inappropriate. See id.

In Gore v. El Paso Energy Corp. Long Term Disability Plan, 477 F.3d 833, 841 (6th Cir. 2007), the only case Plaintiff cites in her response, the Sixth Circuit Court of Appeals found that the plaintiff was able to bring a claim under both § 502(a)(1)(B) and

5

§ 502(a)(3) because the alleged injuries were "separate and distinct." In this case, Plaintiff's injuries in her § 502(a)(3) claim are not separate and distinct from her injuries in her § 502(a)(1)(B) claim. Accordingly, Plaintiff's "§ 502(a)(3) claim of breach of fiduciary duty is merely a repackaged § 502(a)(1)(B) claim." Id. at 842. As such, Plaintiff's § 502(a)(3) claim is barred.

### V. CONCLUSION

Plaintiff has acknowledged that Counts II and IV should be dismissed. Furthermore, the Court dismisses Count III because Plaintiff has an adequate remedy available under § 502(a)(1)(B). Therefore, the Court **GRANTS** Defendants' Partial Motion to Dismiss Counts III and IV. Counts II, III, and IV are **DISMISSED**.

**IT IS SO ORDERED.**

                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE

DATED: June 2, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                        s/Bernadette M. Thebolt

                                        DEPUTY CLERK