UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA MCCANDLESS,

                Plaintiff,

                                              CASE NO. 08-14195
v.                                          HON. MARIANNE O. BATTANI

COUNTRYWIDE HOME LOANS, INC., and
STANDARD INSURANCE COMPANY,
a subsidiary of STANCORP FINANCIAL
GROUP, INC., jointly and severally,

                Defendants.

_____/

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR RELIEF FROM ORDER**

**I.   INTRODUCTION**

Before the Court is Plaintiff Sandra McCandless's Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60(b)(1).  (Doc. 39).  The Court has reviewed the pleadings and finds that oral argument will not aid in the resolution of this motion.  See E. D. Mich. LR 7.1(e)(1).  For the following reasons, Plaintiff's Motion is **DENIED**.

**II.   STATEMENT OF FACTS**

McCandless commenced this action against Countrywide Home Loans, Inc. ("Countrywide"), her employer, and Standard Insurance Company ("Standard"), Countrywide's long-term disability claims administrator, for termination of her disability benefits.  According to the complaint, she was receiving disability benefits through

1

Countrywide while suffering from mental illness and ankylosing spondylitis (AK), an inflammatory disease of the spine. As administrator of Countrywide's long-term disability policy, Standard paid McCandless benefits under the classification of mental disorder, which allowed her to receive payments for a maximum of 24 months. Had Standard classified Plaintiff's disability as physical rather than mental, she would have been entitled to receive benefits up to the age of 65. After a period of 24 months, Standard terminated McCandless's disability benefits, though she continued to suffer from AK.

In Counts I and II of the Second Amended Complaint, McCandless sought relief pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA") for denial of her disability benefit payments. (Doc. 33 at 3-5). In Counts III and IV of the complaint, McCandless sought relief pursuant to § 502(a)(3) of ERISA for breach of fiduciary duty. (Id. at 5-8). Counts I and III were brought against Standard alone, while Counts II and IV were brought against Countrywide.

On May 27, 2009, this Court held a hearing on Defendants' Motion to Dismiss Counts III and IV of the complaint. (Doc. 22). During oral argument, Plaintiff's counsel, Richard Dimanin, conceded that Countrywide was not the party responsible for terminating Plaintiff's disability benefits:

> **MR. DIMANIN:** Your Honor, I'll be very, very short and succinct. The misrepresentation in this case, and I did claim in the complaint that she was given disability benefits for both AK and depression. So this isn't something new; it is in the pleadings. And as such, the claim that if she had been as represented, if she was receiving benefits for her AK, to stop them without any reason whatsoever and put the burden on her is fundamentally unfair. It should be, if she is receiving benefits for the AK . . . .

2

>**THE COURT:** *But what about Countrywide, the employer?* They didn't make any alleged misrepresentation.
>
>**MR. DIMANIN:** No. Well, we found out later on. Now we have with the second amended complaint, though, we have them firing her.
>
>**THE COURT:** Well, I understand that, *but what about keeping them in for the first, for counts two and four?*
>
>**MR. DIMANIN:** I concede their point on that, but with Standard I believe that they should be made to answer three and four.
>
>**THE COURT:** Okay. Rebut.
>
>**MS. HERRING:** I've got nothing to add, Your Honor.
>
>**THE COURT:** Okay. It appears to me in this case that 502(a)(1)(B) applies to Standard, and that because it does apply and because plaintiff can get the relief that she is seeking under 502(a)(1)(B), that 502(a)(3) is barred under Sixth Circuit and Supreme Court precedent. The Court will issue an opinion with this holding shortly. *But I do want to just make clear, you concede that the employer is not the one who made the decision. So as to count two and four it could be dismissed against the employer outright. You concede that, is that correct, counsel?*
>
>**MR. DIMANIN**: *Yes.*
>
>**THE COURT:** Okay. I just want to make sure . . . .

(Hr'g Transcript at 9-11) (emphasis added). Counsel thus agreed to dismiss Counts II and IV of the complaint. (Id.). On June 2, 2009, the Court granted Defendants' Motion to Dismiss Counts III and IV of the complaint. (Doc. 37). The Court also found that Dimanin conceded dismissal of Counts II and IV, and therefore dismissed Counts II, III and IV. (Id.).

On June 4, 2009, McCandless submitted a Motion for Relief from Order pursuant to Federal Rule of Civil Procedure 60(b)(1), claiming that counsel's difficulty in hearing and/or understanding the discussion during oral argument caused him to unknowingly

3

agree to the dismissal of Counts II and IV of the complaint. (Doc. 39 at 1-3). Dimanin explained that he failed to inform the Court of his hearing difficulties because he feared embarrassment and the appearance of impropriety. (Pl.'s Mot. at 2). Plaintiff's counsel submitted an affidavit describing his failing ability to hear, as well as his future plans to seek medical aid for the condition. (Aff. at 1-2). According to the affidavit, Dimanin had been experiencing difficulties in hearing and understanding speech, especially in large rooms, over the preceding six months. (Id. at 1).

McCandless requests relief from the order dismissing Counts II and IV, or at a minimum prays that Countrywide be required to defend itself on Count II of the complaint. (Pl.'s Mot. at 3).

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b)(1) provides the Court with the discretion to relieve a party or its legal representative from an order on the grounds of mistake, inadvertence, surprise, or excusable neglect. FED. R. CIV. P. 60(b)(1). The Sixth Circuit has defined two situations in which Rule 60(b)(1) may provide relief: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." United States v. Reyes, 307 F.3d 451, 455 (6th Cir. 2002). Under the first category of relief, "a party must first demonstrate excusable neglect before other factors such as whether a defendant has a meritorious defense and prejudice to the plaintiff will be considered." Id. at 456.

It is well established that counsel's "inadvertent mistake" and "gross carelessness," are insufficient grounds for relief under Rule 60(b)(1). FHC Equities v.

MBL Life Assurance Corp., 188 F.3d 678, 685 (6th Cir. 1999). Indeed, "a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness or misapprehension of the law or the applicable rules of court." Id. (quoting Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356-57 (5th Cir. 1993)). Further, "clients must 'be held accountable for the acts and omissions of their chosen counsel.'" Allen v. Murph, 194 F.3d 722, 724 (6th Cir. 1999) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993)).

## IV. ANALYSIS

Counsel's alleged hearing impediment provides insufficient grounds for this Court to grant relief under Rule 60(b)(1). Dimanin attributes his concession to dismiss Counts II and IV of the complaint to his alleged hearing infirmity. Counsel maintains that his infirmity entitles him to relief for mistake, inadvertence, or excusable neglect. See FED. R. CIV. P. 60(b)(1). "Although the court may consider counsel's illness, regardless of its seriousness, illness alone is not a sufficient basis for setting aside a judgment under Rule 60(b)(1). Carcello v. TJX Companies, Inc., 192 F.R.D. 61, 64 (D. Conn. 2000) (citing Andree v. Ctr. for Alternative Sentencing and Employment Services, Inc., et al., No. 92-616, 1993 WL 362394, at *2-3 (S.D.N.Y. Sept. 14, 1993)). The only additional justification Dimanin offers for his actions is his fear of embarrassment or appearing impolite. Neither of these perceived fears demonstrates excusable neglect such that the Court should abandon its Opinion and Order.

Furthermore, Counsel became aware that his ability to hear was deteriorating approximately six months prior to appearing in Court on behalf of McCandless. (Aff. at

5

1).  Dimanin failed to apprise the Court and opposing counsel of his condition in order to avoid any potential mistake or neglect.  See Andree, No. 92-616, 1993 WL 362394, at *2-3.  Such conduct is akin to "gross carelessness," which is insufficient grounds for relief under Rule 60(b)(1).  See FHC Equities, 188 F.3d at 685.

During the motion hearing, the Court was explicit in verifying that Dimanin was willing to dismiss Countrywide from Counts II and IV of the complaint.  (Hr'g Transcript at 11).  The Court provided Dimanin the opportunity to clarify his concessions regarding Countrywide's involvement in the case, and he unmistakably agreed "that the employer [was] not the one who made the decision."  (Id.).  Counsel alleges that he was distracted during this juncture of the hearing when he began gathering his notes and either did not hear or misunderstood the Court's question.  (Pl.'s Supplemental Br. at 3).  Rather than asking the court to repeat or explain the question, counsel unequivocally affirmed dismissal of Plaintiff's claims against Countrywide.  (Hr'g Transcript at 11).

Rule 60 "was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." Federal's Inc. v. Edmonton Inv. Co., 555 F.2d 557, 583 (6th Cir. 1977).  Furthermore, a client may not "avoid the consequences of the acts or omissions of this freely selected agent. Pioneer Inv. Servs. Co., 507 U.S. at 397 (quoting Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962)).  After all, "[a]ny other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . ." Id.

## V. CONCLUSION

For the reasons discussed above, McCandless has failed to establish that she is entitled to relief under Federal Rule of Civil Procedure 60(b)(1). This Court, therefore, **DENIES** Plaintiff's Motion for Relief from Order.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani  
                                          MARIANNE O. BATTANI  
                                          UNITED STATES DISTRICT JUDGE

DATED: August 7, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                          s/Bernadette M. Thebolt  
                                          DEPUTY CLERK