UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA MCCANDLESS,

    Plaintiff,

v.

STANDARD INSURANCE COMPANY,

    Defendant.

_____/

CASE NO. 2:08-cv-14195

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO ASSESS ATTORNEY FEES AND TAX COSTS, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING THE ACTION**

## I. INTRODUCTION

This matter is before the Court on Plaintiff Sandra McCandless' Motion to Assess Attorney Fees and Tax Costs relating to her ERISA claim. (Doc. 169.) She argues that having been awarded remand three times classifies as some success on the merits, thereby authorizing collection of attorney fees pursuant to 29 U.S.C. § 1132(g)(1). Accordingly, Plaintiff's counsel requests the award of $139,170.00 in attorney fees and $850 in taxable costs. Defendant maintains that the Court has already decided the matter of attorney fees for a portion of the period covered; that Plaintiff fails to meet the criteria necessary for an award of fees; and that Plaintiff's counsel's fees and hours are inflated. (Doc. 173.) Additionally, Plaintiff has filed a motion for summary judgment, arguing that Defendant's recent award of benefits constitutes a concession of liability. (Doc. 172.) For the reasons that follow, the Court **DENIES** both of Plaintiff's motions and **DISMISSES** the present action.

## II. FACTUAL BACKGROUND

Due to the complex history of the present claim, a timeline is included at the conclusion of the factual background section. Plaintiff Sandra McCandless worked for Countrywide Home Loans as a manager. Countrywide provided a Group Long Term Disability Insurance Policy ("the Policy") for its employees pursuant to Employee Retirement Income Security Act ("ERISA"). Defendant administered the Policy, both determining eligibility for benefits and paying benefits. In February 2005, Plaintiff went on medical leave for major depression. In April 2005, Plaintiff applied for and received disability benefits for the period covering February 2, 2005, to July 31, 2007, the maximum time period allowed under the Policy for mental health claims.

Defendant notified Plaintiff in January 2006 that her long-term disability ("LTD") benefits for her mental disorder would expire on July 31, 2007, and encouraged her to submit a claim for disability by a physical condition. In response, Plaintiff requested that Defendant consider a LTD claim based on her ankylosing spondylitis ("AS"), an inflammatory disease that causes back pain, progressive stiffness of the spine, arthritis, and fusing of certain joints. Plaintiff submitted supporting records from her treating physician, as well as MRI and x-ray reports. After multiple reviews of the medical documentation, including reviews by a neurologist and a rheumatologist, Defendant denied Plaintiff continuation of LTD benefits on March 7, 2008. (AR 00126.) In the denial letter, Defendant emphasized that Plaintiff's failure to see a rheumatologist significantly contributed to her failure to satisfy the Policy's "Care of a Physician" provision, which mandates that claimants receive care from a medical specialist. (Id.)

After exhausting her administrative remedies, Plaintiff filed the present suit on September 30, 2008. After a protracted discovery period and attempted settlement, the

2

parties filed cross-motions for judgment on the administrative record in June 2010. On February 15, 2011, this Court granted Defendant's motion, affirming the denial of LTD benefits. Plaintiff appealed to the Sixth Circuit, which reversed and remanded the matter on December 20, 2012, in order for Defendant to have Plaintiff evaluated by a rheumatologist. The Sixth Circuit found that Defendant "never told McCandless that she would be ineligible for benefits if she did not see a rheumatologist." McCandless v. Standard Ins. Co., 509 F. App'x 443, 448 (6th Cir. 2012). In addition, Defendant "did not exercise its authority under the Policy to have a rheumatologist conduct an independent medical evaluation of McCandless." Id. Thus, the decision was arbitrary and capricious because although Defendant knew Plaintiff suffered from AS, it failed to base its decision on an IME from a rheumatologist. Id. Finally, the Sixth Circuit instructed that the case be remanded to "the plan administrator for a full and fair review of Plaintiff's claim, which presumably will include a rheumatology evaluation." Id. at 449. Accordingly, this Court remanded the case to the plan administrator for the first time on February 22, 2013. (Doc. 127.)

On March 25, 2013, Plaintiff requested an appointment with a rheumatologist at University of Michigan Health System, but the earliest available appointment was not until August of that year. (Doc. 144, p. 14, n.3.) Given the need for an expedited examination, Plaintiff self-referred to rheumatologist Bernard Rubin, D.O., and scheduled an appointment for July. (Id.) On April 10, 2013, Plaintiff was evaluated by Lewis Rosenbaum, M.D., a rheumatologist hired on behalf of Defendant. (AR 00993.) Defendant received the IME report on May 9, 2013. Plaintiff's counsel avers that sometime after Dr. Rosenbaum's examination, he demanded that Defendant produce

3

the report, a request that Defendant reportedly ignored. On June 10, 2013, Defendant issued a second decision denying benefits, along with a copy of the IME report. (AR 00955.) Shortly thereafter, on July 16, 2013, Plaintiff consulted with Dr. Rubin, as well as other medical specialists such as a pulmonologist and cardiologist. (See AR 0001438-66.) She then filed a motion on September 13, 2013, to open the administrative record in order to submit this evidence in rebuttal of Dr. Rosenbaum's IME. (Doc. 144.) The Court granted this motion on October 28, 2013, and remanded the case for a second time for further consideration by the plan administrator. (Doc. 148.)

On March 3, 2014, after receiving 75 pages of new evidence from Plaintiff, Defendant issued a third denial, stating that these records largely post-dated the expiration of Plaintiff's benefits on July 31, 2007. (AR 0001389.) In May 2014, the parties again filed cross-motions for judgment on the administrative record, seeking review of this latest denial of benefits. On September 19, 2014, the Court entered an amended order remanding the claim for a third time. (Doc. 168.) This opinion found that Defendant's review of the newly-submitted medical evidence was cursory, as the denial letter provided no rationale resolving inconsistencies between Dr. Rubin's and Dr. Rosenbaum's findings or explaining why it found one report more credible than the other. (Id.) Nor did Defendant submit this new evidence for review by another medical expert. (Id.)

Since this most recent remand, Defendant submitted the administrative record for review by rheumatologist Joji Kappes, M.D., who opined that Plaintiff's AS symptoms likely limited her ability to perform full-time sedentary work as of July 31, 2007. Based

on Dr. Kappes' opinion, Defendant has approved Plaintiff's claim for long term disability benefits retroactive to the closure of Plaintiff's claim on July 31, 2007, and will issue payment in the approximate amount of $655,000.00. Accordingly, Plaintiff moves the Court to enter summary judgment in her favor and has submitted a proposed order directing Defendant to pay Plaintiff accrued benefits as well as to provide details regarding calculation of these accrued benefits. (Doc. 172.) Further, Plaintiff seeks the assessment of attorney fees and costs. (Doc. 169.)

| Date | Event |
| --- | --- |
| February 2005 | Plaintiff goes on medical leave for depression. |
| April 2005 | Plaintiff applies for and receives disability benefits, covering period February 2, 2005, through July 31, 2007. |
| March 7, 2008 | Defendant issues first denial of Plaintiff's application for LTD benefits based on AS. |
| September 30, 2008 | Plaintiff files complaint. |
| February 15, 2011 | District Court awards judgment on the administrative record in favor of Defendant. |
| December 20, 2012 | Sixth Circuit reverses District Court's decision dated February 15, 2011. |
| January 3, 2013 | Plaintiff's counsel files motion for attorney fees and costs. |
| February 22, 2013 | District Court denies Plaintiff's motion for attorney fees and costs.<br><br>District Court remands case to the plan administrator for the first time. |
| March 25, 2013 | Plaintiff requests rheumatology appointment at University of Michigan Health System. |
| April 10, 2013 | IME examination performed by Dr. Rosenbaum. |
| April 20, 2013 | Dr. Rosenbaum writes IME report. |
| May 9, 2013 | Defendant receives IME report. |
| June 10, 2013 | Defendant issues second denial of benefits. |
| July 16, 2013 | Plaintiff consults with rheumatologist Dr. Rubin. |
| Date (Cont'd) | Event (Cont'd) |
| September 13, 2013 | Plaintiff files motion to supplement the administrative record. |
| October 28, 2013 | District Court grants Plaintiff's motion to supplement and remands case to plan administrator for the second time. |

| March 3, 2014 | Defendant issues third denial of benefits. |
| September 19, 2014 | District Court remands case to the plan administrator for a third time. |
| December 19, 2014 | District Court informed that Defendant has approved Plaintiff for LTD benefits, retroactive to application. |

### III. Discussion

The Sixth Circuit "recognizes no presumption as to whether attorney fees will be awarded" to a prevailing party in an ERISA action. Foltice v. Guardsman Prods., 98 F.3d 933, 936 (6th Cir. 1996). Rather, 29 U.S.C. § 1132(g)(1) authorizes courts to award reasonable attorney fees and costs to either party at its discretion. A party need not be a prevailing party to receive an award of attorney fees – instead, a party seeking fees must show "some degree of success on the merits." Hardt v. Reliance Standard Life Ins., 560 U.S. 242, 255 (2010). Hardt provides the following guidance:

> A claimant does not satisfy that requirement by achieving "trivial success on the merits" or a "purely procedural victor[y]," but does satisfy it if the court can fairly call the outcome of the litigation some success on the particular party's success was "substantial" or occurred on a "central issue."

Id. (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n.9 (1983). Moreover, when exercising the discretion vested in district courts by 29 U.S.C. § 1132(g)(1), the Sixth Circuit has instructed that courts must consider the following five King factors:

> (1) [T]he degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions.

Sec. of Dept. of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).

Plaintiff has previously filed a motion for attorney fees and costs incurred during the period extending from the filing of the claim on September 30, 2008, through January 2, 2013, after the Sixth Circuit directed the case be remanded. (Doc. 119, Ex. 3.) The Court heard oral argument on this matter and on February 22, 2013, issued an order denying the motion for the reasons stated on the record. (Doc. 126.) Plaintiff has not requested reconsideration of this decision either within the fourteen-day deadline set forth by Local Rule 7.1(h)(1) or since the expiration of that deadline. Furthermore, Plaintiff has not argued that there existed a palpable defect in the Court's order or that correcting such defect would result in a different disposition. See L.R. 7.1(h)(3). For these reasons, the Court denies attorney fees for the period covering the inception of the case through January 2, 2013.

Turning to the matter of attorney fees incurred since January 2, 2013, the Court may assume without deciding that the subsequent remands classify as some success on the merits, as Defendant does not contest this point. Firstly, there is no evidence whatsoever of culpability or bad faith on the part of Defendant. Plaintiff makes much of the fact that Defendant allegedly withheld Dr. Rosenbaum's IME report until after it had issued its second decision denying benefits, which necessitated an additional remand for consideration of evidence rebutting Dr. Rosenbaum's report. Defendant received the IME report on May 9, 2013, and issued its decision to Plaintiff, along with a copy of the IME report, approximately one month later on June 10. A four-week delay in providing the report is not suggestive of bad faith. Further, although Plaintiff presumably had an appointment scheduled with Dr. Rubin prior to receiving notification of this denial, her counsel never informed Defendant that additional evidence might be

7

forthcoming. Therefore, Defendant was not on notice that it should delay issuing a decision. As such, there is nothing in the record implicating bad faith or anything beyond mere poor communication between the parties.

Next, Plaintiff argues that Defendant's failure adequately to address the new evidence submitted by Plaintiff, in addition to other procedural irregularities, is indicative of bad faith. To the contrary, case law demonstrates that "[a]n arbitrary and capricious denial of benefits does not necessarily indicate culpability or bad faith." Heffernan v. Unum Life Ins. Co. of Am., 101 F. App'x 99, 109 (6th Cir. 2004); see also Geiger v. Pfizer, Inc., 549 F. App'x 335, 338-39 (6th Cir. 2013) (upholding denial of fees despite finding a denial of benefits arbitrary and capricious) (collecting cases). Here, the first King factor weighs against an award of attorney fees, as there is no evidence beyond an arbitrary and capricious denial suggesting a high degree of culpability on the part of Defendant.

Defendant is correct in asserting that the second King factor – ability to pay an award of fees – is considered "more for exclusionary than for inclusionary purposes" and should be given little weight. See Warner v. DSM Pharma Chems. N. Am., Inc., 452 F. App'x 677, 682 (6th Cir. 2011). Although Defendant is certainly able to pay attorney fees, this factor has no impact on the Court's ultimate determination.

An award of attorney fees is likely to have the greatest deterrent effect where a defendant is "highly culpable" or where "deliberate misconduct is in the offing." Geiger, 549 F. App'x at 339 (quoting Foltice, 98 F.3d at 937). In the present case, there would be no such deterrent effect because, as discussed above, there is no evidence of bad faith or culpability on the part of Defendant.

A plaintiff who seeks LTD benefits only for herself does not seek to confer a common benefit on all participants in an ERISA plan. See Gaeth v. Hartford Life Ins., 538 F.3d 524, 533 (6th Cir. 1999). The relief sought in the present action would confer LTD benefits only upon Plaintiff; her success in the litigation did not result in redeterminations by the plan administrator of other similarly adverse benefits decisions. See id. In Gaeth, the court rejected the plaintiff's contention that a common benefit would result from the deterrence of arbitrary and capricious reviews. See id. Plaintiff argues that her challenge of the ubiquitous "Care of a Physician" language in the policy would have resolved a significant legal question regarding ERISA, resulting in heightened judicial review for other claimants. However, neither this Court nor the Sixth Circuit ever engaged in contractual interpretation of this policy language, instead remanding the case because of Defendant's arbitrary and capricious reasoning and application of this provision. These decisions are tailored to the particulars of Plaintiff's claim and have no impact on other ERISA claimants. Moreover, it is dubious that Plaintiff set out with the intention of challenging the terms of the policy, as the complaint makes no reference to the "Care of a Physician" provision or any general challenges to the terms of the policy. (See Doc. 1.)

Lastly, it cannot be said that Defendant's position throughout the litigation has lacked merit. A court's decision that an insurer's denial of LTD benefits was arbitrary and capricious does not signify that the insurer's position was meritless or frivolous. See O'Callaghan v. SPX Corp., 442 F. App'x 180, 186 (6th Cir. 2011) (upholding district court's denial of attorney fees where, although the defendant's position was not persuasive enough to avert a finding of an arbitrary and capricious denial of benefits,

9

the defendant's position was not frivolous). Indeed, in its last opinion, the Court specifically noted, "[T]he evidence is not so one-sided as to entitle McCandless undoubtedly to benefits." Defendant is correct in arguing that some of the conflicting medical evidence in the record lends support to its position. Plaintiff has therefore failed to demonstrate that she is entitled to attorney fees in accordance with the King factors.

Additionally the Court denies Plaintiff's motion for summary judgment for the reasons stated on the record at the hearing held on January 7, 2015.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for attorney fees and taxable costs and **DENIES** Plaintiff's motion for summary judgment. Further, the Court DISMISSES this action, as there are no further issues presented.

**IT IS SO ORDERED.**

Date: February 27, 2015

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 27, 2015.

s/ Kay Doaks
Case Manager